# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DENNIS GARCIA and )
LISA GARCIA, )
 )
      Plaintiffs, )
 )
v. ) Case No. 18-CV-229-GKF-FHM
 )
DELAWARE COUNTY BOARD OF )
COUNTY COMMISSIONERS, )
HARLAN MOORE, individually )
and in his official capacity, and )
SEAN MEADOR, individually, )
 )
      Defendants. )

## OPINION AND ORDER

Before the court is the Partial Motion to Dismiss [Doc. 10] of defendants Delaware Board of County Commissioners (the "Board") and Harlan Moore.

As part of their first proposition for partial dismissal, movants argue that plaintiffs have failed to state a plausible claim for abuse of process against the Board, as the First Amended Complaint is devoid of allegations that Moore improperly used a court's process against plaintiffs for some ulterior or improper purpose. *Greenberg v. Wolfberg*, 890 P.2d 895, 905 (Okla. 1994) ("[t]he tort's elements are (1) the improper use of the court's process (2) *primarily* for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse").[1] The court agrees. Plaintiffs' allegations go to "the wrongfulness of the prosecution" against the plaintiffs,

---

[1] The gist of the abuse of process tort is said to be the misuse of legal process primarily to accomplish a purpose for which it was not designed, usually to compel the victim to yield on some matter not involved in the suit, or to harass litigation opponents by clearly wrongful conduct. D.B. DOBBS, P.T. HAYDEN AND E.M. BUBLICK, THE LAW OF TORTS (2D ED.) § 594 at 418–19. If the plaintiff can show instigation of a suit for an improper purpose without probable cause and with a termination favorable to the now-plaintiff, she has a malicious prosecution or wrongful litigation claim, not a claim for abuse of process. *Id.*

not "some extortionate perversion of lawfully initiated process to illegitimate ends," which is "the quintessence" of abuse of process. *Id.*

Movants also contend that the Board is immune from suit for plaintiffs' state law tort claims of abuse of process and negligent training, supervision and hiring.[2]

The Board contends it is immune from suit on plaintiffs' abuse of process claim because the claim necessarily excludes good faith conduct on the part of the Board's employees. Oklahoma's Governmental Tort Claims Act ("OGTCA") provides that the state or a political subdivision shall not be liable for any act or omission of an employee acting outside the scope of the employee's employment. Okla. Stat. tit. 51, § 153(a). Section 152(12) of the OGTCA defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment . . . ." In support of its claim of immunity, the Board cites *Fehring v. State Insurance Fund*, 19 P.3d 276, 284 (Okla. 2001). In *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015), the Oklahoma Supreme Court overruled *Fehring* "to the extent that [*Fehring's*] holding provides that acts performed with reckless disregard for an individual's rights automatically lack good faith in cases where the tort at issue does not require proof of an element that necessarily excludes good faith conduct or requires a showing of malice." The issue, then, is

---

[2] Plaintiffs assert in their response that they have alleged multiple state law tort claims in their first claim for relief, including false arrest; trespass; malicious prosecution; false imprisonment; and "unlawful property seizure." *See* [Doc. 14 at p. 4]. However, none of those state law claims are mentioned therein. (Plaintiffs acknowledge in their response that they cannot pursue a malicious prosecution claim under state law.) Curiously, plaintiffs frame their first claim for relief as one for "Violation of Rights Secured by the United States and Oklahoma Constitutions against Meador and the County" — a constitutional claim, but include within that constitutional claim a subsection (b) containing state law tort claims. Within subsection (b), entitled "Delaware County's Responsibility for Meador's Tortious Conduct in Violation of State and Federal Law," plaintiffs allege that defendant Delaware County Board of County Commissioners is responsible for Meador's tortious conduct of abuse of process, and negligent training, supervision and hiring of an inexperienced officer.

whether the tort of abuse of process necessarily requires proof of an element of bad faith or malice. The court concludes that it does. In *Neil v. Pennsylvania Life Insurance Company*, 474 P.2d 961, 965 (Okla. 1970), the Oklahoma Supreme Court, quoting 1 Am. Jur.2d, Abuse of Process, § 1, wrote:

> Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained.

Insofar as the tort of abuse of process necessarily requires proof of an element of bad faith or malice, the Board is immune from suit on that cause of action. *Burns v. Holcombe*, No. CIV-11-240-JHP, 2013 WL 3154120, at *16 (E.D. Okla. June 21, 2013).

The Board argues it is also immune from suit on plaintiffs' claim of negligent training, supervision and hiring. In support, the Board points to Okla. Stat. tit. 51, § 155(5), which exempts the state or a political subdivision from liability if a loss or claim results from "[p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." The Board cites *Jackson v. Oklahoma City Public Schools*, 333 P.3d 975, 979 (Okla. Civ. App. 2014), but *Jackson* is not a precedential decision,[3] and neither party has disclosed a controlling decision regarding the applicability of the discretionary function exemption to a claim of negligent hiring, training, and supervision. The court's research has revealed *Houston v. Independent School District No. 89 of Oklahoma County*, 949 F. Supp. 2d 1104 (W.D. Okla. 2013), wherein Judge DeGiusti notes the Oklahoma Supreme Court's caution

---

[3] Okla. Sup. Ct. R. 1.200(d)(2) provides that opinions of the Court of Civil Appeals that, like *Jackson*, bear the notation "Released for publication by order of the Court of Civil Appeals" shall be considered to have persuasive effect, but shall not be accorded precedential value.

3

against a broad application of § 155(5) since all acts of government employees involve some element of choice and judgment and would thus result in immunity if the discretionary exemption is not narrowly construed. *See Nguyen v. State*, 788 P.2d 962, 964 (Okla. 1990). Judge DeGiusti's decision in *Houston* regarding the application of § 155(5) turns on the distinction between initial policy level or planning decisions, which are considered discretionary and hence immune, and operational level decisions made in the performance of policy, which are considered ministerial and not exempt from liability. *Houston*, 949 F. Supp. 2d at 1109; *Nguyen*, 788 P.2d at 964–65. Because neither party has addressed the application of this distinction in the context of this case, the court will not dismiss plaintiffs' state law claim for negligent training, supervision and hiring on this basis.

In their second proposition for partial dismissal, movants assert that this court lacks subject-matter jurisdiction over plaintiffs' state law claims because plaintiffs failed to give notice of their tort claim within one year of the date the loss occurred, as required by § 156(B) of the OGTCA. Movants take the position that plaintiffs allegedly sustained losses between July 1 and July 20, 2016, but that plaintiffs didn't submit their tort claim notice to the Board until August 4, 2017, more than one year later.

Plaintiffs respond that their state tort claims did not accrue until dismissal of the criminal case against them on or about January 20, 2017, because "the months of decisions in pursuit of charges against [them] constitute continuing unlawful acts." Alternatively, plaintiffs contend that defendants' conduct estops them from raising any time-bar issues; that the county actively concealed defendants' negligence; that "[t]he extent of the tort involved in this case could not have been discovered until receipt of discovery materials, receipt of body cam footage, and receipt of Meador's sworn testimony on or about January 20, 2017;" and, citing a Kansas Supreme Court

4

case from 1893, that imprisonment constitutes a "legal disability" entitling a plaintiff to equitable tolling.

The OGTCA provides the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Smith v. City of Stillwater*, 328 P.3d 1192, 1198 (Okla. 2014). The OGTCA narrowly structures the method and time frame for bringing a tort claim against the State. Okla. Stat. tit. 51 § 156. It requires that the plaintiff give notice within the prescribed statutory time limits. *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987). "Compliance with the statutory notice provisions of the [OGTCA] is a jurisdictional requirement to be completed prior to the filing of any pleadings." *Hall v. The GEO Group, Inc.*, 324 P.3d 399, 404 (Okla. 2014).

Plaintiffs allege in the First Amended Complaint that Delaware County Deputy Sheriff Sean Meador executed a search warrant on their property and arrested them on July 2, 2016. They allege they were falsely held in the county jail for eighteen (18) days. Thus, plaintiffs' "date of loss" under the OGTCA was not the date the criminal charges were dismissed in January 2017, but the period in July 2016 during which they were incarcerated and bonded out of jail. *See Zachary v. State Department of Corrections*, 34 P.3d 1171, 1173 (Okla. Civ. App. 2001) (nonprecedential and considered for persuasive purposes only). Plaintiffs do not allege or otherwise explain how defendants "actively concealed" defendants' alleged negligence or how defendants' actions estop defendants from raising the time-bar issue. Furthermore, plaintiffs' argument that "[t]he *extent* of the tort involved in this case could not have been discovered until receipt of discovery materials, . . . body cam footage, . . . and Meador's sworn testimony" (emphasis added) is revealing. The argument is not that plaintiffs were unaware of their loss, but merely that they did not receive certain discovery materials supportive of their tort claims until January 20, 2017. In short, plaintiffs have neither alleged nor argued that sufficient evidence exists

of false, fraudulent, or misleading conduct on the part of the defendants, or of an affirmative act of concealment to exclude suspicion and preclude inquiry, to induce the plaintiffs from timely giving notice of their tort claim. *Watkins v. Central State Griffin Memorial Hospital*, 377 P.3d 124, 132 (Okla. 2016). Accordingly, the partial motion to dismiss plaintiffs' state tort claims is granted.

The court also rejects plaintiffs' argument that imprisonment itself constitutes a "legal disability" entitling them to equitable tolling. In so doing, the court takes judicial notice of the plethora of cases this court receives from imprisoned individuals, and the dearth of Oklahoma caselaw supporting plaintiffs' argument.

In the third and final proposition for partial dismissal, defendant Moore contends he is immune from suit for plaintiffs' state law claims in his official capacity. Plaintiffs agree. *See* [Doc. 14 at p. 10]. The partial motion to dismiss is therefore granted in that respect.

WHEREFORE, the Partial Motion to Dismiss [Doc. 10] is granted with respect to plaintiffs' state law tort claims against defendant Delaware County Board of County Commissioners and Harlan Moore in his official capacity.

IT IS SO ORDERED this 3rd day of April, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE